EARL P. DAVID and ETHER M. DAVID, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
David v. Commissioner
Docket No. 7379-82.
United States Tax Court
T.C. Memo 1983-405; 1983 Tax Ct. Memo LEXIS 387; 46 T.C.M. (CCH) 730; T.C.M. (RIA) 83405; July 13, 1983. Earl P. David and Ether M. David, pro se. Sheri A. Wilcox, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent *388 determined a deficiency of $750 in petitioners' income tax for the year 1978. The deficiency resulted from disallowance of certain Schedule A deductions and disallowance of a child care credit claimed by petitioners. Some of the facts have been stipulated, and the stipulation and exhibits thereto are incorporated herein by this reference. At the time they filed their petition herein, [1] petitioners were residents of Houston, Texas. They filed a joint individual income tax return for the taxable year 1978 with the District Director of Internal Revenue at Austin, Texas. During the year 1978, petitioner-husband was employed as a coach for the Jesse H. Jones High School, Houston Independent *389 School District, and petitioner-wife taught English for the Hitchcock Independent School District. During 1978, petitioners had a 4-year-old daughter who was cared for during the day by the petitioner-wife's sister at her home. Because the petitioner-wife worked as a teacher and had to leave at 6:30 a.m. for work, her sister picked up the child at petitioners' home and returned her there in the evening, a round trip of approximately 35 miles. Petitioners reimbursed the sister for gas and some car repairs. The sister received no other payments for child care, and no F.I.C.A. tax was withheld. In the stipulation, respondent conceded certain deductions not allowed in the notice of deficiency, and petitioners conceded adjustments to taxes and medical expenses as well as the disallowance of a miscellaneous deduction for books and magazines. At trial, petitioners presented evidence only with respect to certain charitable contributions and the child care credit. Thus, as to matters not conceded by respondent in the stipulation, all other issues must be determined against petitioners. See Rule 142(a) and Rule 149(b), Tax Court Rules of Practice and Procedure.
With respect to *390 the claimed but disallowed charitable contributions, petitioners testified as to cash donations made to their church in amounts too small to justify writing a check or, impliedly, keeping a specific record. The testimony of petitioners as to the regular amounts donated by them, however, does not support the $250 claimed by petitioners or any amount in excess of the $200 allowed by respondent.Petitioners also presented a receipt for clothing donated to the Salvation Army, but did not present any specific information which would justify the conclusion that the clothing was worth the $1,000 claimed by petitioners or any amount greater than the $75 allowed by respondent. Respondent's determination as to the charitable contributions, therefore, is sustained. With respect to the child care credit, petitioners reported on their return child care expenses of $1,350, resulting in a claimed credit of $270. Petitioners state that they did not realize at the time they made the arrangements with petitioner-wife's sister that reimbursement to her for automobile expense, in contrast to payment of wages subject to F.I.C.A. tax, would not qualify for the child care credit. Section 44A, as in *391 effect for 1978, provided in part that no credit should be allowed for any amount paid by the taxpayer to an individual bearing a relationship to the taxpayer described in paragraphs (1) through (8) of section 152(a). [2] Section 152(a)(3) includes a sister of the taxpayer. The prohibition against allowance of credit for payments made to a sister, however, did not apply "if the service with respect to which such amount is paid constitutes employment within the meaning of section 3121(b)." Section 44A(f)(6)(B). The payments made to the sister did not arise in an employer-employee relationship. Thus, they do not qualify for the child care credit under the terms of the statute in effect in 1978 and the regulations thereunder. Section 1.44A-4(a)(2), Income Tax Regs. Regardless of petitioners' misunderstanding of the law, we must apply it as Congress has written it. *392 To give effect to the concessions made by respondent in the stipulation, Decision will be entered under Rule 155.
Footnotes
1. Before and after trial, petitioners have claimed that they intended and believed that their case would be heard in the United States District Court, rather than in this Court. This contention is incredible in view of the fact that their petition and their contemporaneously filed Request For Place Of Trial were mailed to the United States Tax Court on forms clearly captioned United States Tax Court. The Answer and the Notice Setting Case For Trial served on them were similarly captioned.↩
2. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue. Sec. 44A(f)(6) then provided as follows: (6) Payments to related individuals.-- (A) In general.--Except as provided in subparagraph (B), no credit shall be allowed under subsection (a) for any amount paid by the taxpayer to an individual bearing a relationship to the taxpayer described in paragraphs (1) through (8) of section 152(a) (relating to definition of dependent) or to a dependent described in paragraph (9) of such section. (B) Exception.--Subparagraph (A) shall not apply to any amount paid by the taxpayer to an individual with respect to whom, for the taxable year of the taxpayer in which the service is performed, neither the taxpayer nor his spouse is entitled to a deduction under section 151(e) (relating to deduction for personal exemptions for dependents), but only if the service with respect to which such amount is paid constitutes employment within the meaning of section 3121(b).↩